GLADNEY, Judge.
In this action the plaintiff, Tom Ruffin, seeks recovery for damages inflicted to his automobile on August IS, 1956. in an automobile collision at the intersection of Spring Street, Lake Street and Short Spring Street, in the City of Shreveport. Made defendant is John D. Garland, Jr., who by reconventional demand seeks reimbursement for the damages incurred by his automobile in the collision. The case was tried on its merits and resulted in judgment in favor of plaintiff, from which decree the defendant has appealed.
Both litigants make counter charges of negligence, which, in general, were not established by the evidence. Ruffin declares Garland was at fault in driving at an excessive rate of speed, in failing to make proper observation, in failing to so control his vehicle as to enable him to stop in time to avoid the collision, and in attempting to make a left turn when it was unsafe to do so. The defendant asserts Ruffin was negligent in that he drove blindly into the intersection without proper observation, in failing to respect defendant’s right to continue through the intersection on a favored street, and in failing to take proper steps to avoid the collision. Both parties alternatively plead the last clear chance doctrine and the defendant further pleads in the alternative, the contributory negligence of plaintiff.
The accident occurred at an early morning hour with normal weather conditions prevailing, but at a time when there was considerable traffic on the streets in the locale of the accident. The collision occurred in the intersection made by the junction of three streets, above named. At this point Lake Street is intersected at right angles by Spring Street which runs north and south. Short Spring Street enters the junction of Lake and Spring Streets at a sharp angle and leads from Bossier City over the traffic bridge into the subject intersection. Traffic at the intersection is controlled by a semaphore traffic signal which shows green on both Short Spring Street and Lake Street at the same time.
Ruffin was traveling east on Lake Street and had stopped at the west line of the in *217 tersection against a red light, waiting for it to turn green. While he was in this position Garland had come over the traffic bridge and turned into Short Spring Street while the light was red, and when he was still some distance from the intersection the light turned green in favor of both Ruffin and Garland. With the light green Ruffin started forward through the intersection, intending to continue east on Lake Street. The defendant testified that as he entered the intersection he assumed Ruffin would turn right and go into Short Spring Street and when he realized Ruffin was intending to proceed east on Lake Street, Garland applied his brakes and attempted to stop and the collision occurred.
The testimony presented in the case came from the two litigants and Officer M. P. Gaspard, who arrived at the scene of the accident shortly after the collision. The latter’s testimony was not materially different from that of plaintiff and defendant. He testified as to the point of impact and the location of the two vehicles after the collision. He also stated that the tire marks indicated Garland’s car skidded thirty-six feet to the point of impact and struck plaintiff’s automobile on the right side near its rear.
Garland testified that as he approached the intersection the light changed from red to green in his favor and he continued to drive at a speed which he estimated to be twenty-five miles per hour; that he was some thirty feet from the intersection when he first realized the precarious position of plaintiff’s vehicle; and that he attempted to avoid the collision but was unable to do so.
Ruffin related he entered the intersection upon a green light at a slow speed and he observed Garland’s automobile from a distance of forty feet and just about that time he heard defendant’s brakes squeal, whereupon he accelerated his car in order to avoid the impending collision.
The trial judge reasoned the accident was caused by reason of the following circumstances :
“Defendant states that he was driving approximately 25 miles per hour, or 36 feet per second, and he traveled 27 feet by the time he put his foot on the brake. His car then skidded 36 feet, or approximately 26 feet net, making it 53 feet that he traveled after he decided that plaintiff was not going out Short Spring Street, and plaintiff had traveled some 20 feet into the intersection from a standstill before defendant realized that plaintiff was going to continue on Lake Street. Of course while plaintiff was traveling this 20 feet, defendant traveled a good deal farther. But, adding only 20 feet to the above 53 feet, defendant was at least 73 feet from the point of impact (and he would judge it to be nearer 100 feet) when plaintiff entered the intersection. By careful measurement we think plaintiff entered the intersection at a time when defendant was more than 40 feet away from the intersecting line. And it is our opinion that the sole cause of the accident is defendant’s negligence, as described by him on page 17 of the Evidence, which reads as follows:
“ 'A. When I saw him it seemed reasonable that he would turn to the right like most traffic does but when I saw he was going straight across I tried to stop.
“ ‘Q. You assumed he was going out Short Spring?
“ ‘A. The way most of the traffic does, yes, sir.
“ ‘Q. And that was the assumption you made?
“ ‘A. When I first saw him, yes, sir, but when I saw he was going to come straight, I tried to stop.’ ”
After a careful examination of the testimony we are convinced that there is no manifest error in the findings of the judge a quo. In our opinion the various charges of negligence relating to speed and control *218 of the vehicle are not established. It is clear from Garland’s testimony that had he not assumed incorrectly that Ruffin intended to enter Short Spring Street, Garland would have maneuvered his vehicle more to the right or slowed it in order to permit Ruffin to continue straight as he was traveling into Lake Street. This error of judgment, in our opinion, constitutes the sole factor of negligence. It is obvious that Ruffin was traveling at such a slow rate of speed he had no possible opportunity of action other than he took when appraised of the direction of Garland’s car. He testified that he accelerated his vehicle in order to escape the possible collision and this action seems reasonable.
Our conclusions require that the judgment from which appealed be affirmed at appellant’s cost.